which is the duty of every one to use. (59 Tex., 19 ; 59 Tex., 10 ; 59 Tex., 255.) The record in this case forbids the conclusion that the appellee did not voluntarily assume the risk of injury from the tools used, and this with a knowledge of their character more ample and accurate than would be that of one who in the course of his business had not acquired a knowledge of the use of such tools.

It is rendered probable that the cutting of bars of railroad iron, cold and away from the shop, was not contemplated by the railway company. A witness for the appellee who had worked in railroad shops for about twenty years made the following statement : "Am a blacksmith; have been so since '49; worked blacksmithing for railroads about twenty years ; served as foreman in the Memphis and Charleston railroad and other railroads, and in 1867 in the Texas Central shops, when I worked at that business we never used to cut bar iron cold ; always cut it in the shops hot ; never in my life had a bar of railroad iron cut off cold, away from the shop ; always sent out short pieces of the length required ; I have seen it done, however." If this be the usual course, and the manner expected that employes will pursue, then, the act of appellee and the person with whom he was working was improper, they were guilty of negligence, if they knowingly pursued a more dangerous course unnecessarily. In doing the work in which they were engaged at the time the injury occurred, the appellee and the person who was working with him were fellow-servants.

We are of the opinion that the court below erred in refusing to grant a new trial, and for that reason the judgment is reversed and the cause remanded

Stayton, J.

---

## R. D. GILLENWATERS AND WIFE V. B. F. SCOTT.

### IN SUPREME COURT, TYLER TERM, 1884.

*Probate Law--Order to Sell Real Estate.*—That it may be deemed best on account of the condition of the property, in the absence of the grounds prescribed by statute, furnishes no reason why a probate court should order real property of an estate to be sold.

*Same—Sale Voidable.*--When a sale of real estate is ordered and confirmed by

a court of general jurisdiction, having the power to order and confirm it ; and the facts exist which give the power to sell, although not set up in the application for the order to sell, such sale and orders are at most voidable, and cannot be collaterally attacked.

*Case Limited.*—The decision is upon a case arising under the act of August 15 1870, and is not to apply to cases arising under the present law.

Appeal from Cook county.

The appellants sue in the right of Mrs. Gillenwaters, as heir of M. A. Elliot, deceased, to recover a part of the property described in the petition. The appellee claims through a sale of the property made by the administrator of Elliot's estate made under order of the proper probate court, which was duly reported to, and confirmed by the court ; the entire purchase money having been paid.

It is claimed that the sale was void, for the reason that the petition, upon which the order of sale was made, did not show that debts existed which made the sale necessary. The petition was evidently defective and gave reasons why the particular property, on account of its condition, should be sold with advantage to the estate, instead of stating grounds which made the sale of property of the estate necessary.

The grounds upon which real property of an estate may be directed, by a probate court, to be sold are, that it is necessary to sell to pay debts of an estate, or to partition it among heirs, or for some other purpose made sufficient by the statute. That it may be deemed best for the estate on account of the condition of the property, in the absence of some of the grounds before mentioned, furnishes no reason why a probate court should order real property of an estate to be sold.

The sale in question in this case was made under the act of Aug. 15, 1870, which provided that sales of real property, when it became necessary to sue, should be ordered in the application of the executor or administrator ; but that act does not provide, as does the present law, what the application should contain ; and it directed that such sales should be made of property which would be made advantageous to the estate to sell. (P. D. 5701, 5702.)

The application under which the land was sold set out very fully why it would be advantageous to sell the particular property, but it did not show that debts existed which made the sale necessary. It,

however, appears from the evidence introduced by the appellants, that at the time the application for the sale was made and granted, claims had been established against the estate of Elliot, amounting to about three thousand dollars. If the law in force was then complied with by the clerk of the court, its records showed what claims had been established against the estate. (P. D. 5636, 5673, 5686, 5689.)

On May 19, 1880, it appears that the estate was still indebted, notwithstanding the money received in the sale of the land in controversy had been appropriated to the payment of debts of the estate. That a necessity for the sale at the time the application was made, sale ordered, made and confirmed, existed, cannot be questioned. That the estate was administered in the utmost good faith and honesty, is apparent.

Under such a state of facts, it is claimed that the sale was void. We are of the opinion that this proposition cannot be maintained. The sale was ordered and confirmed by a court of general jurisdiction, having the power to order and confirm it ; and the facts existed which gave the power to sell property. In such a case, when the statute under which the sale is ordered, does not specifically prescribe the steps which shall be taken before the order can be made, we are of the opinion, that at most, a sale so made will only be voidable if the steps taken preliminary to the order to make the sale were in some respects defective ; for the court was called upon to adjudicate the sufficiency of these very things before the order was made, and however erroneous its judgment might have been, it was not void. (Alexander v. Marvich, 18 Texas, 179 ; Guilford v. Love, 49 Tex., 735 ; George v. Watson, 19 Tex., 370 ; Withers v. Patterson, 27 Texas, 491 ; Giddings v. State, 28 Texas, 750 ; McNally v. Haynes, 59 Texas, 585.)

In the last named case it is correctly said that if it appears from the record that the court clearly transcended its powers, its judgment would be a nullity. No such thing appears in this case, but upon the contrary, it clearly appears that the facts existed which authorized the court to direct the sale of land belonging to the estate, and the objection is to the manner in which the court was called upon to exercise the power conferred upon it by the constitution, and not that there was a want of power or jurisdiction. It may be that upon the question of notice a purchaser may not be required

look behind the judgment of a court of competent jurisdiction, when that jurisdiction has attached in the given case, but it does not follow from this that the condition of an estate, at the time a sale of property belonging to it is ordered, may not be looked to for the purpose of establishing the fact that the order was made in the exercise of legitimate power.

If the appellants were of the opinion that the court improperly ordered the sale of the property, they should have taken proper steps to have that and the subsequent orders set aside by some proceeding having that purpose directly in view ; the judgment or orders not being void they cannot be attacked in this, which is strictly a collateral proceeding.

This case is disposed of under the statute in force when the acts in question transpired, and we do wish to be understood, as in any respect passing on the requisites to a valid sale of land in probate, under the statute now in force.

There is no error in the judgment of the court below, and it is affirmed.

Stayton, J.

---

# ESTERN UNION TELEGRAPH CO. V. J. H. BROWN.

### IN SUPREME COURT, TYLER TERM, 1884.

*Cause of Action.*—The character of the cause of action is determined by the facts set forth as the basis of recovery ; if these are the same in the original and amended petitions, then the latter does not set up a new cause of action, though it may change the form of the prayer and ask a larger measure of relief.

*Damages.*—In an action for damages the plaintiff must show, not merely that he has been injured by the wrongful act or omission of the defendant, but with a reasonable degree of certainty, *how much* he has been injured.

Appeal from Tarrant county.

### STATEMENT

[By the Editor.]

This is the second appeal in this case—the decision upon the for-